**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIENNE EGGLESTON, GRACE | ) | JURY DEMANDED |
| MOY, JESUS PERCOLIZA, | ) | |
| PARTROCINIO AFURONG, and | ) | FILED: AUGUST 19, 2008 |
| SYLVIA JAGIELSKI, | ) | Case No.:  08CV4719 |
| Plaintiffs, | ) | |
| | ) | Judge:  JUDGE HART |
| vs. | ) | MAGISTRATE JUDGE ASHMAN |
| | ) | Magistrate:  NF |
| | ) | |
| HILTON HOTELS CORP., | ) | |
| CHICAGO HILTON, LLC, and | ) | |
| HOTEL STATLER COMPANY, INC., | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, by their undersigned attorney, and for their complaint of discrimination

against Defendants, Hilton Hotels Corp., Chicago Hilton, LLC, and Hotel Statler Company,

Inc. (collectively referred to as "Hilton"), state as follows:

## NATURE OF CASE

1.    The causes of action for Plaintiffs, Adrienne Eggleston ("Eggleston"), Grace

Moy ("Moy"), Jesus Percoliza ("Percoliza"), Patrocinio Afurong ("Afurong"), and Sylvia

Jagielski ("Jagielski"), arise under the Age Discrimination in Employment Act ("ADEA"), 29

U.S.C Section 621 et seq.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter based upon 29 U.S.C. § 621, and

28 U.S.C. ¶ 1331.

3.      Venue in the Northern District of Illinois is proper. The claim for relief arose in this state.

4.      All conditions precedent have been fulfilled by Plaintiffs, including the filing of Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") of the United States Government, and a receipt of Right-to-Sue Letters from the EEOC. (EEOC Charges and Right-to-Sue Letters attached as **Exhibit A**).

**PARTIES**

5.      Plaintiff, Eggleston, is female, is more than forty (40) years of age and was more than forty (40) years of age at all times material herein. Plaintiff is a resident of the state of Illinois.

6.      Plaintiff, Moy, is female, is more than forty (40) years of age and was more than forty (40) years of age at all times material herein. Plaintiff is a resident of the state of Illinois.

7.      Plaintiff, Percoliza, is male, is more than forty (40) years of age and was more than forty (40) years of age at all times material herein. Plaintiff is a resident of the state of Illinois.

8.      Plaintiff, Afurong, is male, is more than forty (40) years of age and was more than forty (40) years of age at all times material herein. Plaintiff is a resident of the state of Illinois.

9.      Plaintiff, Jagielski, is female, is more than forty (40) years of age and was

more than forty (40) years of age at all times material herein. Plaintiff is a resident of the state of Illinois.

10.    Hilton conducts business in the state of Illinois and at all times pertinent hereto, Hilton were engaged in an industry affecting commerce and have had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

11.    At all times material herein, Hilton operated a hotel and banquet center located at 720 South Michigan Avenue, Chicago Illinois 60605.

12.    That at all times relevant herein, Hilton was Plaintiffs' employers for purposes of the ADEA.


## BACKGROUND

13.    That Hilton employs first list banquet servers, also known as A list servers, on a full time basis.

14.    That Hilton also employs second list banquet servers, also known as B list servers.

15.    That B list banquet servers perform the same job functions as A list banquet servers but are part-time employees scheduled to work on an "as needed" basis.

16.    That during April of 2007 Eggleston was employed by Hilton as a B list banquet server.

17.    That during April of 2007 Moy was employed by Hilton as a B list banquet server.

18.    That during April of 2007 Percoliza was employed by Hilton as a B list

banquet server.

19.    That during April of 2007 Afurong was employed by Hilton as a B list banquet server.

20.    That during April of 2007 Jagielski was employed by Hilton as a B list banquet server.

21.    That in April of 2007, Hilton had job openings for A List Banquet Servers, a full-time permanent position, and permitted B List Servers the opportunity to apply for a position on the A List.


**COUNT I**
**Complaint of Adrienne Eggleston For Disparate Treatment In Failure To Promote Due to Age**

22.    That Plaintiff incorporates the preceedings paragraphs by reference here.

23.    That Eggleston was hired by Hilton as a banquet server in 1994.

24.    That throughout her employment with Hilton, Eggleston performed her duties in a satisfactory manner consistent with Hilton's standards.

25.    That in April of 2007, Eggleston applied for an opening on the A List.

26.    That Eggleston took a performance based test on April 30, 2007, to become an A list server.

27.    That this test required that Eggleston set up dinner tables and a buffet table and engage in a mock service.

28.    That this test required that Eggleston retrieve tables, supplies and materials necessary to set up a dinning table and buffet table from storage areas throughout the hotel.

29.     That said supplies/elements required for setting up the dining table and buffet table were either missing or inaccessible. The dinner tables were locked up, the salt and pepper shakers were not available, and there were insufficient amounts of napkins, water glasses, and silverware.

30.     That banquet servers are generally not required to locate and gather said supplies to set up banquet rooms prior to events. Hilton employs a crew of porters who are responsible for gathering these supplies and arranging them near the banquet hall prior to an event.

31.     That Hilton's test administrators were informed of the missing and inaccessible elements and informed the Plaintiffs that they would not be penalized for the missing items.

32.     That Eggleston had points deducted from her test scores for failing to have the proper supplies and materials present which resulted from these items being missing or inaccessible.

33.     That said test administered to Eggleston did not contain any written examination.

34.     That in May of 2007, five B list servers under forty (40) took tests to become A list banquet servers and were promoted to the A list.

35.     That when said five individuals under forty (40) years of age took this test, all of their required materials were already gathered near the test banquet room.

36.     That these five individuals under forty (40) were also administered a true/false questionnaire instead of the performance based service evaluation administered to Eggleston.

37.    That on April 30, 2007, five individuals over forty (40) years of age took tests to become A list servers. Hilton failed to promote each of these individuals. In May of 2007, five individuals under forty (40) years of age with less experience took tests to become A list servers. Hilton passed each of these individuals and promoted them to the position of A list server.

38.    That Hilton failed to promote Eggleston because of her age.

39.    That similarly simulated younger employees of Hilton with less experience were promoted.

40.    That Hilton further subjected Eggleston to illegal, inferior, and miserable terms and conditions of employment due to her age in violation of the ADEA.

41.    That Hilton's treatment of Plaintiff was motivated by evil motive and intent and was in reckless and callous indifference to Plaintiff's federally protected rights.

42.    That Hilton's conduct subjected Plaintiff to unequal treatment due to Plaintiff's age, over forty (40), in violation of the law.

43.    That said age discrimination adversely affected the terms and conditions of Plaintiff's employment with Hilton.

44.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and her friends and family.

45.    As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity,

painful embarrassment among her friends and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Eggleston respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Hilton's discriminatory practices and prevent current and future harm;

d)    Award Eggleston compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Eggleston which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Eggleston costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Eggleston a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.

## COUNT II
## Complaint of Grace Moy For Disparate Treatment In Failure To Promote Due to Age

46.    That Plaintiff incorporates the preceedings paragraphs by reference here.

47.    That Moy was hired by Hilton as a banquet server in 1999.

48.    That throughout her employment with Hilton, Moy performed her duties in a satisfactory manner consistent with Hilton's standards.

49.    That Hilton employs first list banquet servers, also known as A list servers, on a full time basis.

50.    That in April of 2007, Moy applied for an opening on the A List.

51.    That Moy took a performance based test on April 30, 2007, to become an A list server.

52.    That this test required that Moy set up dinner tables and a buffet table and engage in a mock service.

53.    That this test required Moy to retrieve tables, supplies and materials necessary to set up a dinning table and buffet table from storage areas throughout the hotel.

54.    That said supplies/elements required for setting up the dining table and buffet table were either missing or inaccessible. The dinner tables were locked up, the salt and pepper shakers were not available, and there were insufficient amounts of napkins, water glasses, and silverware.

55.    That banquet servers are generally not required to locate and gather said supplies to set up banquet rooms prior to events. Hilton employs a crew of porters who are responsible for gathering these supplies and arranging them near the banquet hall prior to an event.

56.    That Hilton's test administrators were informed of the missing and inaccessible elements and informed the Plaintiffs that they would not be penalized for the missing items.

57.     That Moy had points deducted from her test scores for failing to have the proper supplies and materials present which resulted from these items being missing or inaccessible.

58.     That said test administered to Moy did not contain any written examination.

59.     That in May of 2007, five B list servers under forty (40) took tests to become A list banquet servers and were promoted to the A list.

60.     That when said individuals under forty (40) years of age took this test, all of their required materials were already gathered outside of the test banquet room.

61.     That these five individuals under forty (40) were also administered a true/false questionnaire instead of the performance based service evaluation administered to Moy.

62.     That on April 30, 2007, five individuals over forty (40) years of age took a test to  become an A list server. Hilton failed to promote each of these individuals. In May of 2007, five individuals under forty (40) years of age with less experience took tests to become A list servers. Hilton passed each of these individuals and promoted them to the position of A list server.

63.     That Hilton failed to promote Moy because of her age.

64.     That similarly simulated younger employees of Hilton with less experience were promoted.

65.     That Hilton further subjected Moy to illegal, inferior, and miserable terms and conditions of employment due to her age in violation of the ADEA.

66.     That Hilton's treatment of Plaintiff was motivated by evil motive and intent and was in reckless and callous indifference to Plaintiff's federally protected rights.

67.    That Hilton's conduct subjected Plaintiff to unequal treatment due to Plaintiff's age, over forty (40), in violation of the law.

68.    That said age discrimination adversely affected the terms and conditions of Plaintiff's employment with Hilton.

69.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and her friends and family.

70.    As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity, painful embarrassment among her friends and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Moy respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Hilton's discriminatory practices and prevent current and future harm;

d)    Award Moy compensatory damages, reinstatement and lost wages, including

back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Moy which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Moy costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Moy a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.

## COUNT III
### Complaint of Jesus Percoliza For Disparate Treatment In Failure To Promote Due to Age

71.    That Plaintiff incorporates the preceedings paragraphs by reference here.

72.    That Percoliza was hired by Hilton as a banquet server in 1998.

73.    That throughout his employment with Hilton, Percoliza performed his duties in a satisfactory manner consistent with Hilton's standards.

74.    That in April of 2007, Percoliza applied for an opening on the A List.

75.    That Percoliza took a performance based test on April 30, 2007, to become an A list server.

76.    That this test required that Percoliza set up dinner tables and a buffet table and engage in a mock service.

77.    That this test required Percoliza to retrieve tables, supplies and materials necessary to set up a dinning table and buffet table from storage areas throughout the hotel.

78.    That said supplies/elements required for setting up the dining table and buffet

table were either missing or inaccessible. The dinner tables were locked up, the salt and pepper shakers were not available, and there were insufficient amounts of napkins, water glasses, and silverware.

79.    That banquet servers are generally not required to locate and gather said supplies to set up banquet rooms prior to events. Hilton employs a crew of porters who are responsible for gathering these supplies and arranging them near the banquet hall prior to an event.

80.    That Hilton's test administrators were informed of the missing and inaccessible elements and informed the Plaintiffs that they would not be penalized for the missing items.

81.    That Percoliza had points deducted from his test scores for failing to have the proper supplies and materials present which resulted from these items being missing or inaccessible.

82.    That said test administered to Percoliza did not contain any written examination.

83.    That in May of 2007, five B list servers under forty (40) took tests to become A list banquet servers and were promoted to the A list.

84.    That when said individuals under forty (40) years of age took this test, all of their required materials were already gathered outside of the test banquet room.

85.    That said five individuals under forty (40) were also administered a true/false questionnaire instead of the performance based service evaluation administered to Percoliza.

86.    That on April 30, 2007, five individuals over forty (40) years of age took a test

to become an A list server. Hilton failed to promote each of these individuals. In May of 2007, five individuals under forty (40) years of age with less experience took tests to become A list servers. Hilton passed each of these individuals and promoted them to the position of A list server.

87.     That Hilton failed to promote Percoliza because of his age.

88.     That similarly simulated younger employees of Hilton with less experience were promoted.

89.     That Hilton further subjected Percoliza to illegal, inferior, and miserable terms and conditions of employment due to his age in violation of the ADEA.

90.     That Hilton's treatment of Plaintiff was motivated by evil motive and intent and was in reckless and callous indifference to Plaintiff's federally protected rights.

91.     That Hilton's conduct subjected Plaintiff to unequal treatment due to Plaintiff's age, over forty (40), in violation of the law.

92.     That said age discrimination adversely affected the terms and conditions of Plaintiff's employment with Hilton.

93.     That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of his right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends and family.

94.     As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about his future and his ability to support herself, harm to his employability and earning capacity, painful embarrassment among his friends and co-workers, damage to his reputation,

disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Percoliza respectfully prays that the Court provide the following equitable and legal relief:

a) Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b) Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c) Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Hilton's discriminatory practices and prevent current and future harm;

d) Award Percoliza compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Percoliza which resulted from the discrimination with applicable prejudgment and statutory interest;

e) Award Percoliza costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f) Award Percoliza a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

g) Grant such other and further relief as this Court deems just and proper.

## COUNT IV
## Complaint of Patrocinio Afurong For Disparate Treatment In Failure To Promote Due to Age

95. That Plaintiff incorporates the preceedings paragraphs by reference here.

96. That Afurong was hired by Hilton as a banquet server in 1993.

97. That throughout his employment with Hilton, Afurong performed his duties

in a satisfactory manner consistent with Hilton's standards.

98.    That in April of 2007, Afurong applied for an opening on the A List.

99.    That Afurong took a performance based test on April 30, 2007, to become an A list server.

100.    That this test required that Afurong set up dinner tables and a buffet table and engage in a mock service.

101.    That this test required Percoliza to retrieve tables, supplies and materials necessary to set up a dinning table and buffet table from storage areas throughout the hotel.

102.    That said supplies/elements required for setting up the dining table and buffet table were either missing or inaccessible. The dinner tables were locked up, the salt and pepper shakers were not available, and there were insufficient amounts of napkins, water glasses, and silverware.

103.    That banquet servers are generally not required to locate and gather said supplies to set up banquet rooms prior to events. Hilton employs a crew of porters who are responsible for gathering these supplies and arranging them near the banquet hall prior to an event.

104.    That Hilton's test administrators were informed of the missing and inaccessible elements and informed the Plaintiffs that they would not be penalized for the missing items.

105.    That Afurong had points deducted from his test scores for failing to have the proper supplies and materials present which resulted from these items being missing or inaccessible.

106.    That said test administered to Afurong did not contain any written examination.

107.    That in May of 2007, five B list servers under forty (40) took tests to become A list banquet servers and were promoted to the A list.

108.    That when said individuals under forty (40) years of age took this test, all of their required materials were already gathered near the test banquet room.

109.    That these five individuals under forty (40) were also administered a true/false questionnaire instead of the performance based service evaluation administered to Afurong.

110.    That on April 30, 2007, five individuals over forty (40) years of age took a test to  become an A list server. Hilton failed to promote each of these individuals. In May of 2007, five individuals under forty (40) years of age with less experience took tests to become A list servers. Hilton passed each of these individuals and promoted them to the position of A list server.

111.    That Hilton failed to promote Afurong because of his age.

112.    That similarly simulated younger employees of Hilton with less experience were promoted.

113.    That Hilton further subjected Afurong to illegal, inferior, and miserable terms and conditions of employment due to his age in violation of the ADEA.

114.    That Hilton's treatment of Plaintiff was motivated by evil motive and intent and was in reckless and callous indifference to Plaintiff's federally protected rights.

115.    That Hilton's conduct subjected Plaintiff to unequal treatment due to Plaintiff's age, over forty (40), in violation of the law.

116.    That said age discrimination adversely affected the terms and conditions of Plaintiff's employment with Hilton.

117.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of his right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends and family.

118.    As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about his future and his ability to support herself, harm to his employability and earning capacity, painful embarrassment among his friends and co-workers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Afurong respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Hilton's discriminatory practices and prevent current and future harm;

d)    Award Afurong compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Afurong which resulted from the discrimination with applicable prejudgment and statutory interest;

e)      Award Afurong costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)      Award Afurong a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

g)      Grant such other and further relief as this Court deems just and proper.


## COUNT V
## Complaint of Sylvia Jagielski For Disparate Treatment In Failure To Promote Due to Age

119.    That Plaintiff incorporates the preceedings paragraphs by reference here.

120.    That Jagielski was hired by Hilton as a banquet server in 1985.

121.    That throughout her employment with Hilton, Jagielski performed her duties in a satisfactory manner consistent with Hilton's standards.

122.    That in April of 2007, Jagielski applied for an opening on the A List.

123.    That Jagielski took a performance based test on April 30, 2007, to become an A list server.

124.    That this test required that Jagielski set up dinner tables and a buffet table and engage in a mock service.

125.    That this test required Jagielski to retrieve tables, supplies and materials necessary to set up a dinning table and buffet table from storage areas throughout the hotel.

126.    That said supplies/elements required for setting up the dining table and buffet table were either missing or inaccessible. The dinner tables were locked up, the salt and pepper shakers were not available, and there were insufficient amounts of napkins, water glasses, and silverware.

127.    That banquet servers are generally not required to locate and gather said supplies to set up banquet rooms prior to events. Hilton employs a crew of porters who are responsible for gathering these supplies and arranging them near the banquet hall prior to an event.

128.    That Hilton's test administrators were informed of the missing and inaccessible elements and informed the Plaintiffs that they would not be penalized for the missing items.

129.    That Jagielski had points deducted from her test scores for failing to have the proper supplies and materials present which resulted from these items being missing or inaccessible.

130.    That said test administered to Jagielski did not contain any written examination.

131.    That in May of 2007, five B list servers under forty (40) took tests to become A list banquet servers and were promoted to the A list.

132.    That when said individuals under forty (40) years of age took this test, all of their required materials were already gathered near the test banquet room.

133.    That these five individuals under forty (40) were also administered a true/false questionnaire instead of the performance based service evaluation administered to Jagielski.

134.    That on April 30, 2007, five individuals over forty (40) years of age took a test to  become an A list server. Hilton failed to promote each of these individuals. In May of 2007, five individuals under forty (40) years of age with less experience took tests to become A list servers. Hilton passed each of these individuals and promoted them to the

position of A list server.

135.    That Hilton failed to promote Jagielski because of her age.

136.    That similarly simulated younger employees of Hilton with less experience were promoted.

137.    That Hilton further subjected Jagielski to illegal, inferior, and miserable terms and conditions of employment due to her age in violation of the ADEA.

138.    That Hilton's treatment of Plaintiff was motivated by evil motive and intent and was in reckless and callous indifference to Plaintiff's federally protected rights.

139.    That Hilton's conduct subjected Plaintiff to unequal treatment due to Plaintiff's age, over forty (40), in violation of the law.

140.    That said age discrimination adversely affected the terms and conditions of Plaintiff's employment with Hilton.

141.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and her friends and family.

142.    As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity, painful embarrassment among her friends and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Jagielski respectfully prays that the Court provide the following

equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Hilton's discriminatory practices and prevent current and future harm;

d)    Award Jagielski compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Jagielski which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Jagielski costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Jagielski a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.

## COUNT VI
## Complaint of Adrienne Eggleston For Disparate Impact In Failure To Promote Due to Age

143.    That Plaintiff incorporates the preceedings paragraphs by reference here.

144.    That Eggleston was hired by Hilton as a banquet server in 1994.

145.    That throughout her employment with Hilton, Eggleston performed her duties

in a satisfactory manner consistent with Hilton's standards.

146.    That in April of 2007, Eggleston applied for an opening on the A List.

147.    That Eggleston and four other individuals over forty (40) years of age took

a performance based test on April 30, 2007, to become an A list servers.

148.    That said test was a facially neutral performance based employment test.

149.    That said test required that Eggleston set up of a banquet room for a mock function.

150.    That Hilton management and supervisory employees monitored and scored Eggleston's  performance on this test.

151.    That some of the score sheets from the test have scores next to particular questions and others do not.

152.    That none of the score sheets are signed or indicate who scored the test.

153.    That most of the score sheets contain little or no explanation as to why the takers did not receive points.

154.    That the test is subjective allowing Hilton's employees administering the test to administer and score the test in an unfair and discriminatory manner.

155.    That in May of 2007 five current employees of Hilton under forty (40)  with substantially less experience than Eggleston also took the same test to be promoted to the A list.

156.    That the five individuals over forty (40) who took the test on April 30, 2008, were told that they failed the test. The Hilton passed and promoted all five individuals under forty (40) who took the test in May 2007.

157.    That Hilton utilized hiring practices and procedures which had a disparate impact on older applicants.

158.    That specifically, Hilton utilized subjective hiring criteria, testing procedures and standards which resulted in hiring substantially younger less experienced persons for

first list banquet server positions than Plaintiff and other older applicants.

## PRAYER FOR RELIEF

WHEREFORE, Eggleston respectfully prays that the Court provide the following equitable and legal relief:

a)      Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)      Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c)      Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Hilton's discriminatory practices and prevent current and future harm;

d)      Award Eggleston compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Eggleston which resulted from the discrimination with applicable prejudgment and statutory interest;

e)      Award Eggleston costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)      Award Eggleston a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

g)      Grant such other and further relief as this Court deems just and proper.

## COUNT VII
## Complaint of Grace Moy For Disparate Impact In Failure To Promote Due to Age

159.    That Plaintiff incorporates the preceedings paragraphs by reference here.

160.    That Moy was hired by Hilton as a banquet server in 1999.

161.    That throughout her employment with Hilton, Moy performed her duties in a

satisfactory manner consistent with Hilton's standards.

162.    That in April of 2007, Moy applied for an opening on the A List.

163.    That Moy and four other individuals over forty (40) years of age took a performance based test on April 30, 2007, to become an A list servers.

164.    That said test was a facially neutral performance based employment test.

165.    That said test required that Eggleston set up of a banquet room for a mock function.

166.    That Hilton management and supervisory employees monitored and scored Moy's performance on this test.

167.    That some of the score sheets from the test have scores next to particular questions and others do not.

168.    That none of the score sheets are signed or indicate who scored the test.

169.    That most of the score sheets contain little or no explanation as to why the takers did not receive points.

170.    That the test is subjective allowing Hilton's employees administering the test to administer and score the test in an unfair manner and discriminatory.

171.    That in May of 2007 five current employees of Hilton under forty (40) with substantially less experience than Moy also took the same test to be promoted to the A list.

172.    That the five individuals over forty (40) who took the test on April 30, 2008, were told that they failed the test. The Hilton passed and promoted all five individuals under forty (40) who took the test in May 2007.

173.    That Hilton utilized hiring practices and procedures which had a disparate

impact on older applicants.

174.    That specifically, Hilton utilized subjective hiring criteria, testing procedures

and standards which resulted in hiring substantially younger less experienced persons for

first list banquet server positions than Plaintiff and other older applicants.

## PRAYER FOR RELIEF

WHEREFORE, Moy respectfully prays that the Court provide the following equitable

and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Hilton's discriminatory practices and prevent current and future harm;

d)    Award Moy compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Moy which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Moy costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Moy a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.

<u>COUNT VIII</u>
**<u>Complaint of Jesus Percoliza For Disparate Impact In Failure To Promote Due to Age</u>**

175.    That Plaintiff incorporates the preceedings paragraphs by reference here.

176.    That Percoliza was hired by Hilton as a banquet server in 1998.

177.    That throughout his employment with Hilton, Percoliza performed his duties in a satisfactory manner consistent with Hilton's standards.

178.    That in April of 2007, Percoliza applied for an opening on the A List.

179.    That and four other individuals over forty (40) years of age took a performance based test on April 30, 2007, to become an A list servers.

180.    That said test was a facially neutral performance based employment test.

181.    That said test required that Eggleston set up of a banquet room for a mock function.

182.    That Hilton management and supervisory employees monitored and scored Percoliza's  performance on this test.

183.    That some of the score sheets from the test have scores next to particular questions and others do not.

184.    That none of the score sheets are signed or indicate who scored the test.

185.    That most of the score sheets contain little or no explanation as to why the takers did not receive points.

186.    That the test is subjective allowing Hilton's employees administering the test to administer and score the test in an unfair manner and discriminatory manner.

187.    That in May of 2007 five current employees of Hilton under forty (40)  with substantially less experience than Percoliza also took the same test to be promoted to the

A list.

188.    That the five individuals over forty (40) who took the test on April 30, 2008, were told that they failed the test. The Hilton passed and promoted all five individuals under forty (40) who took the test in May 2007.

189.    That Hilton utilized hiring practices and procedures which had a disparate impact on older applicants.

190.    That specifically, Hilton utilized subjective hiring criteria, testing procedures and standards which resulted in hiring substantially younger less experienced persons for first list banquet server positions than Plaintiff and other older applicants.

## PRAYER FOR RELIEF

WHEREFORE, Percoliza respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Hilton's discriminatory practices and prevent current and future harm;

d)    Award Percoliza compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Percoliza which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Percoliza costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

    f)      Award Percoliza a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

    g)      Grant such other and further relief as this Court deems just and proper.

<u>COUNT IX</u>
<u>Complaint of Patrocinio Afurong For Disparate Impact In Failure To Promote Due to Age</u>

191.    That Plaintiff incorporates the preceedings paragraphs by reference here.

192.    That Afurong was hired by Hilton as a banquet server in 1993.

193.    That throughout his employment with Hilton, Afurong performed his duties in a satisfactory manner consistent with Hilton's standards.

194.    That in April of 2007, Afurong applied for an opening on the A List.

195.    That Afurong and four other individuals over forty (40) years of age took a performance based test on April 30, 2007, to become an A list servers.

196.    That said test was a facially neutral performance based employment test.

197.    That said test required that Eggleston set up of a banquet room for a mock function.

198.    That Hilton management and supervisory employees monitored and scored Afurong's  performance on this test.

199.    That some of the score sheets from the test have scores next to particular questions and others do not.

200.    That none of the score sheets are signed or indicate who scored the test.

201.    That most of the score sheets contain little or no explanation as to why the takers did not receive points.

202.    That the test is subjective allowing Hilton's employees administering the test to administer and score the test in an unfair and discriminatory manner.

203.    That in May of 2007 five current employees of Hilton under forty (40) with substantially less experience than Afurong also took the same test to be promoted to the A list.

204.    That the five individuals over forty (40) who took the test on April 30, 2008, were told that they failed the test. The Hilton passed and promoted all five individuals under forty (40) who took the test in May 2007.

205.    That Hilton utilized hiring practices and procedures which had a disparate impact on older applicants.

206.    That specifically, Hilton utilized subjective hiring criteria, testing procedures and standards which resulted in hiring substantially younger less experienced persons for first list banquet server positions than Plaintiff and other older applicants.

## **PRAYER FOR RELIEF**

WHEREFORE, Afurong respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Hilton's discriminatory practices and prevent current and future harm;

d)    Award Afurong compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the

401(k) pension plans of Afurong which resulted from the discrimination with applicable prejudgment and statutory interest;

e)      Award Afurong costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)      Award Afurong a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

g)      Grant such other and further relief as this Court deems just and proper.

## COUNT X
### Complaint of Sylvia Jagielski For Disparate Impact In Failure To Promote Due to Age

207.    That Plaintiff incorporates the preceedings paragraphs by reference here.

208.    That Jagielski was hired by Hilton as a banquet server in 1985.

209.    That throughout her employment with Hilton, Jagielski performed her duties in a satisfactory manner consistent with Hilton's standards.

210.    That in April of 2007, Jagielski applied for an opening on the A List.

211.    That Jagielski and four other individuals over forty (40) years of age took a performance based test on April 30, 2007, to become an A list servers.

212.    That said test was a facially neutral performance based employment test.

213.    That said test required that Eggleston set up of a banquet room for a mock function.

214.    That Hilton management and supervisory employees monitored and scored Jagielski's  performance on this test.

215.    That some of the score sheets from the test have scores next to particular questions and others do not.

216.    That none of the score sheets are signed or indicate who scored the test.

217.    That most of the score sheets contain little or no explanation as to why the takers did not receive points.

218.    That the test is subjective allowing Hilton's employees administering the test to administer and score the test in an unfair and discriminatory manner.

219.    That in May of 2007 five current employees of Hilton under forty (40) with substantially less experience than Jagielski also took the same test to be promoted to the A list.

220.    That the five individuals over forty (40) who took the test on April 30, 2008, were told that they failed the test. The Hilton passed and promoted all five individuals under forty (40) who took the test in May 2007.

221.    That Hilton utilized hiring practices and procedures which had a disparate impact on older applicants.

222.    That specifically, Hilton utilized subjective hiring criteria, testing procedures and  standards which resulted in hiring substantially younger less experienced persons for first list banquet server positions than Plaintiff and other older applicants.

## PRAYER FOR RELIEF

WHEREFORE, Jagielski respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Hilton's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct

necessary to end Hilton's discriminatory practices and prevent current and future harm;

d)      Award Jagielski compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Jagielski which resulted from the discrimination with applicable prejudgment and statutory interest;

e)      Award Jagielski costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)      Award Jagielski a judgement against Hilton for the liquidated damages as a result of Hilton's willful violation of the ADEA; and

g)      Grant such other and further relief as this Court deems just and proper.


                              Respectfully Submitted,
                              Adrienne Eggleston,
                              Grace Moy,
                              Jesus Percoliza,
                              Patrocinio Afurong, and
                              Sylvia Jagielski,

                              By: /s Uche O. Asonye_____
                              One of Their Attorneys


Uche O. Asonye - 06209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603

**JURY DEMAND**

NOW COMES the Plaintiffs by and through their attorney, and hereby demand a trial by jury in the above entitled cause of action.

Respectfully Submitted,
Adrienne Eggleston,
Grace Moy,
Jesus Percoliza,
Patrocinio Afurong, and
Sylvia Jagielski,

By: /s Uche O. Asonye
One of Their Attorneys

Uche O. Asonye - 06209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603

08CV4719
JUDGE HART
MAGISTRATE JUDGE ASHMAN
NF

# EXHIBIT A

EEOC Form 161-B (3/98)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Adrienne C. Eggleston**<br>    **6547 S Artesian**<br>    **Chicago, IL 60629** | From: **Chicago District Office**<br>       **500 West Madison St**<br>       **Suite 2800**<br>       **Chicago, IL 60661** |

**CERTIFIED MAIL 7001 0320 0005 9832 4723**

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Armernola P. Smith,** | |
| **21B-2007-01767** | **State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will
    be able to complete its administrative processing within 180 days from the filing of this charge.

☐   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN
    90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge,
    you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                    07/09/2008 mjh

Enclosures(s)                    **John P. Rowe,**                    *(Date Mailed)*
                                 **District Director**

cc:    **CHICAGO HILTON & TOWERS**
       **720 S Michigan Ave**
       **Chicago, IL 60605**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#07W0531.13

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2007CA3178 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Mrs. Adrienne C. Eggleston | (773) 732-7229 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 6547 S. Artesian | Chicago, IL 60629 | 7/9/51 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| Chicago Hilton and Towers | | (312) 922-4400 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 720 S. Michigan Ave. | Chicago, IL 60605 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| AGE | 5/30/07 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I. A. **ISSUE/BASIS**
    **FAILURE TO PROMOTE – MAY 30, 2007/DUE TO AGE, 55**

   B. **PRIMA FACIE ALLEGATIONS**
   1. My age is 55.
   2. My performance as Banquet Server has been satisfactory. I have an excellent work record.
   3. On May 30, 2007, Respondent denied me a promotion from the second list to the first list for a full time, permanent position. The reason given was failing a qualifying test.

Continued...lgv

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 4th DAY OF _June_ , 2007

NOTARY SIGNATURE

OFFICIAL SEAL
KRYSTAL ROGERS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/18/10

NOTARY SEAL

X _Adrienne Eggleston_ 6-4-200?
SIGNATURE OF COMPLAINANT     DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

Complainant: Adrienne C. Eggleston
Charge Number: 2007CA3178
Page 2.

4.  I have excellent qualifications for a promotion to the first list, but
    Respondent did not promote me. Four other employees who are
    40 and older were denied the promotion. Respondent claims all of us
    failed the test, but I do not believe that was the case. The test consisted
    of setting a dinner table and a buffet table, and we all know how to do
    it.

5.  Respondent promoted five younger employees, ages 24 to 34, to the first
    list. These employees are substantially less senior, and less qualified
    employees, but Respondent claims they all passed the test.

lgv

EEOC Form 161-B (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Grace Moy**<br>**3016 S Princeton Ave**<br>**Chicago, IL 60616** | From:  **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |

**CERTIFIED MAIL 7001 0320 0005 9832 4730**

☐  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2007-01765** | **Armernola P. Smith,**<br>**State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                          07/08/2008 mjh

**John P. Rowe,**
**District Director**                          *(Date Mailed)*

Enclosures(s)

cc:  **CHICAGO HILTON & TOWERS**
**720 S Michigan Ave**
**Chicago, IL 60605**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#07W0531.09

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2007CA3176 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Mrs. Grace Moy | (312) 842-1210 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3016 S. Princeton | Chicago, IL 60616 | 9/10/46 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| Chicago Hilton and Towers | | (312) 922-4400 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 720 S. Michigan Ave. | Chicago, IL 60605 | Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>AGE | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>5/30/07<br><br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

**I.  A.  ISSUE/BASIS**

        FAILURE TO PROMOTE – MAY 30, 2007/DUE TO AGE, 60

   **B.  PRIMA FACIE ALLEGATIONS**

      1.  My age is 60.

      2.  My performance as Banquet Server has been satisfactory. I was hired on May 6, 1999 and I have an excellent work record.

      3.  On May 30, 2007, Respondent denied me a promotion from the second list to the first list for a full time, permanent position. The reason given was failing a qualifying test.

Continued...lgv

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE<br>ME THIS 4th DAY OF _____, 2007<br><br>NOTARY SIGNATURE |
|---|---|

"OFFICIAL SEAL"<br>JACQUELYN TURNER HAMB<br>Notary Public, State of Illinois<br>My Commission Expires 9/21/09<br>NOTARY SEAL

X _____  6/4/07

SIGNATURE OF COMPLAINANT  DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

Complainant: Grace Moy
Charge Number: 2007CA3176
Page 2.

4. I have excellent qualifications for a promotion to the first list, but Respondent did not promote me. Four other employees who are 40 and older, were denied the promotion. Respondent claims all of us failed the test, but I do not believe that was the case. The test consisted of setting a dinner table and a buffet table, and we all know how to do it.

5. Respondent promoted five younger, ages 24 to 34, employees to the first list. These employees are substantially less senior, and less qualified employees, but Respondent claims they all passed the test.

lgv

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Jesus Percoliza<br>4833 N Troy 2nd Fl<br>Chicago, IL 60625 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7001 0320 0005 9832 4730**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-01764 | **Armernola P. Smith,<br>State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*

**John P. Rowe,
District Director**

07/08/2008 mjh

*(Date Mailed)*

Enclosures(s)

cc:   **CHICAGO HILTON & TOWERS
720 S Michigan Ave
Chicago, IL 60605**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#07W0604.01

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2007CA3175 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr. Ms. Mrs.) | HOME TELEPHONE (Include area code) |
|---|---|
| Mr. Jesus Percoliza | (773) 615-1000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3519 W. Montrose | Chicago, IL 60618 | 1/1/57 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code) |
|---|---|---|
| Chicago Hilton and Towers | | (312) 922-4400 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 720 S. Michigan Ave. | Chicago, IL 60605 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| AGE | 5/30/07 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.  A.  **ISSUE/BASIS**
    **FAILURE TO PROMOTE – MAY 30, 2007/DUE TO AGE, 50**

   B.  **PRIMA FACIE ALLEGATIONS**
       1.  My age is 50.

       2.  My performance as Banquet Server has been satisfactory. I was hired in 1998 and I have an excellent work record.

       3.  On May 30, 2007, Respondent denied me a promotion from the second list to the first list for a full time, permanent position. The reason given was failing a qualifying test.

Continued...lgv

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS 4th DAY OF June , 2007 |
|---|---|
| | *Jacquelyn Turner Hamb* |
| | NOTARY SIGNATURE |

| "OFFICIAL SEAL" JACQUELYN TURNER HAMB Notary Public, State of Illinois My Commission Expires 9/21/09 NOTARY SEAL | X *Jesus Percoliza*    25/08/0 |
|---|---|
| | SIGNATURE OF COMPLAINANT    DATE |
| | I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Complainant: Jesus Percoliza
Charge Number: 2007CA3175
Page 2.

4.  I have excellent qualifications for a promotion to the first list, but
Respondent did not promote me. Four other employees who are
40 and older were denied the promotion. Respondent claims all of us
failed the test, but I do not believe that was the case. The test consisted
of setting a dinner table and a buffet table, and we all know how to do
it.

5.  Respondent promoted five younger employees, ages 24 to 34, to the
first list. These employees are substantially less senior, and less
qualified employees, but Respondent claims they all passed the test.

lgv

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Patrocinio C. Afurong**<br>**5331 W Byron Street**<br>**Chicago, IL 60641**<br><br>**CERTIFIED MAIL 7001 0320 0005 9832 4730** | From:  **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |

☐   *On behalf of person(s) aggrieved whose identity is*
     *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2007-01766** | **Armernola P. Smith,**<br>**State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*

       **John P. Rowe,**
       **District Director**

07/08/2008 mjh

*(Date Mailed)*

Enclosures(s)

cc:   **CHICAGO HILTON & TOWERS**
      **720 S Michigan Ave**
      **Chicago, IL 60605**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#07W0531.10

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2007CA3177 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr. Ms. Mrs.) | HOME TELEPHONE (Include area code) |
|---|---|
| Mr. Patrocinio C. Afurong | (773) 545-7897 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 5331 W. Byron St. | Chicago, IL 60641 | 3/18/49 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code) |
|---|---|---|
| Chicago Hilton and Towers | | (312) 922-4400 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 720 S. Michigan Ave. | Chicago, IL 60605 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| AGE | 5/30/07 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed attach extra sheets)

**I.   A.   ISSUE/BASIS**
FAILURE TO PROMOTE – MAY 30, 2007/DUE TO AGE, 58

**B.   PRIMA FACIE ALLEGATIONS**

1. My age is 58.

2. My performance as Banquet Server has been satisfactory. I was hired in 1993 and I have an excellent work record.

3. On May 30, 2007, Respondent denied me a promotion from the second list to the first list for a full time, permanent position. The reason given was failing a qualifying test.

Continued...lgv

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 4th DAY OF _____, 2007

NOTARY SIGNATURE

"OFFICIAL SEAL"
JACQUELYN TURNER HAMB
Notary Public, State of Illinois
My Commission Expires 9/21/09

NOTARY SEAL

X _____  06-04-0?
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

Complainant: Patrocinio C. Afurong
Charge Number: 2007CA3177
Page 2.

4.    I have excellent qualifications for a promotion to the first list, but
      Respondent did not promote me. Four other employees who are
      40 and older were denied the promotion. Respondent claims all of us
      failed the test, but I do not believe that was the case. The test consisted
      of setting a dinner table and a buffet table, and we all know how to do
      it.

5.    Respondent promoted five younger employees, ages 24 to 34, to the first
      list.  These employees are substantially less senior, and less qualified
      employees, but Respondent claims they all passed the test.

lgv

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Sylvia Jagielski<br>17001 S Grissom #2n<br>Tinley Park, IL 60477 | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |
|---|---|

**CERTIFIED MAIL 7001 0320 0005 9832 4730**

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2007-01763** | **Armernola P. Smith,**<br>**State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐    More than 180 days have passed since the filing of this charge.

☐    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐    The EEOC is terminating its processing of this charge.

☐    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*
_____
**John P. Rowe,**
**District Director**

07/08/2008 mjh
_____
*(Date Mailed)*

Enclosures(s)

cc:    **CHICAGO HILTON & TOWERS**
       **720 S Michigan Ave**
       **Chicago, IL 60605**

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.   #07W0531.11 | ☒ IDHR   ☐ EEOC | 2007CA3174 |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)   Ms. Sylvia Jagielski | HOME TELEPHONE (include area code)   (708) 342-2326 | |
|---|---|---|
| STREET ADDRESS   17001 S. Grissom Dr., Apt. 2N | CITY, STATE AND ZIP CODE   Tinley Park, IL 60477 | DATE OF BIRTH   10/2/35 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME   Chicago Hilton and Towers | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code)   (312) 922-4400 | |
|---|---|---|---|
| STREET ADDRESS   720 S. Michigan Ave. | CITY, STATE AND ZIP CODE   Chicago, IL 60605 | | COUNTY   Cook |

| CAUSE OF DISCRIMINATION BASED ON:   AGE | DATE OF DISCRIMINATION   EARLIEST (ADEA/EPA) LATEST (ALL)   5/30/07 |
|---|---|
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.   A.   **ISSUE/BASIS**
           **FAILURE TO PROMOTE – MAY 30, 2007/DUE TO AGE, 71**

     B.   **PRIMA FACIE ALLEGATIONS**
           1.   My age is 71.

           2.   My performance as Banquet Server has been satisfactory. I was hired on October 2, 1985 and I have an excellent work record.

           3.   On May 30, 2007, Respondent denied me a promotion from the second list to the first list for a full time, permanent position. The reason given was failing a qualifying test.

**Continued...lgv**

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE   ME THIS 5th DAY OF _____ , 2007   ~~signature~~   NOTARY SIGNATURE |
|---|---|
| "OFFICIAL SEAL"   RAQUEL C. GUERRA   Notary Public, State of Illinois   My Commission Expires 4/12/2008   **NOTARY SEAL** | X _signature_  6-05-07   SIGNATURE OF COMPLAINANT         DATE   I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Complainant:  Sylvia Jagielski
Charge Number: 2007CA3174
Page 2.

4.    I have excellent qualifications for a promotion to the first list, but
      Respondent did not promote me. Four other employees who are
      40 and older were denied the promotion. Respondent claims all of us
      failed the test, but I do not believe that was the case. The test consisted
      of setting a dinner table and a buffet table, and we all know how to do
      it.

5.    Respondent promoted five younger employees, ages 24 to 34, to the first
      list.  These employees are substantially less senior, and less qualified
      employees, but Respondent claims they all passed the test.

lgv